# SUPREME COURT

OF THE

## STATE OF NEW-YORK,

IN MAY TERM, 1846.

---

CONTINUED FROM VOL. II.

---

### CHAMBERLIN and another *vs.* GRIGGS.

If a bankrupt petitioning for his discharge in the district court of the United States, give to a creditor who is opposing such discharge, money or property to withdraw his opposition, which he accepts and accordingly ceases to oppose, the transaction is not such a fraud as will avoid the discharge when pleaded to an action for an antecedent debt.

DEMURRER to a replication. Declaration in debt on judgment. Plea, a discharge under the bankrupt act, granted December 6th, 1842, upon a voluntary application. Replication, *Precludi non,* because, &c. the discharge and certificate were obtained by the defendant by fraud, contrary to the provisions of the act of congress, entitled, &c. specifying the following alleged act of fraud, viz: upon the defendant's presenting to the district court his petition for a certificate and discharge, an order was made that the creditors shew cause on the sixth day of September, 1842, why the defendant should not receive such discharge; and on that day W. B. Bend, a creditor of the defendant who had proved his debt, appeared and contested the defendant's right to a discharge, and according to the rules and practice

VOL. III.*                    2

of the court, filed a statement in writing of the grounds of his objections, which statement is set forth; and it is therein alleged, amongst other things, that the defendant had wilfully concealed two certain promissory notes belonging to him, which are sufficiently described. The replication proceeds to aver that the defendant, in order to induce the creditor, Bend, to cease and desist from his just opposition to the granting of the discharge, and for the sole purpose of procuring the discharge to be granted, did corruptly and fraudulently, contrary to the act, agree to give and did give to said Bend divers goods and chattels, &c. of the value of $1000, and did thereby induce him to withdraw his opposition; and that Bend, in consideration of the premises and without the knowledge or assent of the plaintiffs, and to enable the defendant to obtain his discharge, did withdraw his opposition, whereupon the district court granted the discharge and certificate, &c. Verification. Demurrer and joinder.

*M. T. Reynolds,* for the defendant. The plaintiffs had no vested right in having the opposing creditor continue his opposition. It is not alleged that any of the facts specified in the statement of the objections are true, or that any fraud or wilful concealment had been practised by the defendant. The cases under the English bankrupt act are inapplicable, for by that system it is provided that if the bankrupt obtains his discharge "unfairly" it will not avail him. This is a word of very extensive meaning, and may well be held to reach such a case as this. There too the bankrupt is obliged to swear that he has "fairly" obtained the requisite amount of his creditors to subscribe his certificate. (*Eden on Bankrupt Law,* 401; *id. Appendix, p.* 179.) Nor are the cases under our insolvent law applicable, for there the debtor is obliged to swear that he has not given any property or other thing to any creditor to induce him to petition (2 *R. S.* 17, § 7.) No other fraud can be set up to avoid a discharge than that specified in the fourth section of the act.

*N. Hill, Jr.* for the plaintiffs. 1. Any conduct of the debtor contrary to the spirit and intention of the act, and subversive of its

general object and design renders the discharge void. (*Hammond* v. *Webb*, 10 *Mod.* 282; *People* v. *Utica Ins. Co.*, 15 *John.* 358 ; *Jackson* v. *Collins*, 3 *Cowen*, 89 ; *Dwar. on Stat.* 720, 730, 752 ; *Horn* v. *Ion*, 4 *Barn. & Adolph.* 78.)(*a*) 2. Giving a creditor money to induce him to sign a bankrupt's certificate, renders the allowance of it void ; and there is no difference in principle between such an act and the transaction disclosed in the replication in this case. (*Robson* v. *Calze, Doug.* 228; *Holland* v. *Palmer*, 1 *B. & P.* 95; *Ex parte Butt*, 10 *Ves.* 360; *Ex parte Hall*, 17 *id.* 63 ; *Ex parte Gibson*, 6. *id.* 5 ; *Sumner v. Brady*, 1 *H. Bl.* 647.) 3. Security given to secure a creditor's assent to the bankrupt's certificate, or to procure him to become a petitioner for, or to induce the withdrawal of opposition to his discharge under our insolvent laws, has often been held void, on the ground that it operates as a fraud upon the law. (*Rogers* v. *Kingston*, 2 *Bing.* 441; *Jackman* v. *Mitchell*, 13 *Ves.* 581; *Payne* v. *Eden*, 3 *Caines' Cas.* 214; *Waite* v. *Harper*, 2 *John.* 386; *Bruce* v. *Lee*, 4 *id.* 410 ; *Yeomans* v. *Chatterton*, 9 *id.* 296 ; *Wiggin* v. *Brush*, 12 *id.* 309; *Tuxbury* v. *Miller*, 19 *id.* 311; *Sharp* v. *Teese*, 4 *Halst.* 352.)

*By the Court*, JEWETT, J. The replication is plainly bad. It does not show that the defendant, in obtaining his discharge, committed any fraud under the bankrupt act. The substance of the allegation is that Bend, one of his creditors, proved his debt and filed certain objections, in opposition to his being discharged, some of which, if well founded and proved or admitted, might have been sufficient to prevent his discharge from being granted ; that the defendant induced Bend, for a certain consideration paid him by the defendant, to withdraw his opposition. It is, however, no where alleged that the objections or either of them were well founded. Without such an allegation, the charge of fraud has no basis, beyond a strong inference, which is not sufficient.

Judgment for the defendant.

(*a*) See also *In the matter of Hurst*, (7 *Wend.* 239 )